IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REGINALD M. POTTS, Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.  11 C 3952 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| JOHN MANOS, DANIEL SCHICKEL, | ) |
| ARTHUR RUSHING, THOMAS CINTRON, | ) |
| VICTOR THOMAS, HAZEL DERDEN, | ) |
| GILBERTO ROMERO, DANIEL MORECI, | ) |
| WILLIAM THOMAS, TERESA CALVIN, | ) |
| THOMAS DART, and COOK COUNTY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Reginald Potts sues defendants, John Manos, Daniel Schickel, Arthur Rushing, Thomas Cintron, Victor Thomas, Hazel Derden, Daniel Moreci, William Thomas, Teresa Calvin (all of whom are employees of the Cook County Sheriff's Office), Sheriff Thomas Dart, and Cook County, pursuant to 42 U.S.C. § 1983 for using excessive force against him and failing to protect him during his pretrial detention in the Cook County Jail. Defendants have moved for summary judgment. For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff entered pretrial detention in Cook County Jail ("the Jail") on November 10, 2007. (Defs.' LR 56.1 Stmt., ¶ 1, ECF No. 179.) He has filed over forty grievances, including appeals, concerning his treatment at the Jail, including the use of oleoresin capsicum ("OC") spray (*i.e.* pepper spray) or other excessive force used against him. (Pl.'s LR 56.1 Stmt. of Add'l Facts, ¶ 1, ECF No. 191.) On some occasions, Jail officers sprayed plaintiff with OC spray or otherwise used excessive force based on their perception that plaintiff was not complying with their orders or

commands, even if he was not behaving in a threatening manner. (*See, e.g., id.*, ¶¶ 8, 10, 13, 18.) Defendants Cintron and William Thomas were among the supervisory officers tasked with reviewing uses of OC spray by Jail officers on detainees such as plaintiff and assessing their reasonableness. (*Id.*, ¶¶ 23, 28.)

One on occasion in particular, on May 27, 2009, defendant Calvin sprayed plaintiff with OC spray because she judged that he was not complying with her command to rinse and exit the shower. (*See id.*, ¶¶ 10, 24.) Defendants Schickel and Manos arrived to transport plaintiff to the infirmary to receive medical attention. (*Id.*, ¶ 10.) Plaintiff had not rinsed the OC spray off, and he refused to move when Schickel and other officers attempted to escort him to the infirmary. (*Id*; Defs.' LR 56.1 Stmt., ¶ 13.) Officer Schickel dragged plaintiff for approximately ten feet, before he and other officers picked him up and began to carry him to the infirmary. (Defs.' LR 56.1 Stmt., ¶¶ 15, 17.) Eventually, plaintiff decided he would walk on his own. (*Id.*, ¶ 17.)

According to plaintiff, Sheriff Dart was personally aware of these issues, but took no action. (Pl.'s LR 56.1 Stmt., ¶¶ 31-32, 34-35.)

The operative Second Amended Complaint consists essentially of two claims, both resting on allegations of violations of constitutional rights pursuant to 42 U.S.C. § 1983: use of excessive force (Count I), and failure to protect plaintiff from use of excessive force (Count II). Plaintiff also claims that Cook County is (a) liable for these violations of constitutional rights under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978) (Count III), and (b) required by Illinois law to indemnify the defendants for any judgment they become liable to pay for conduct within the scope of their duties (Count IV).

**ANALYSIS**

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Wackett v. City of Beaver Dam*, 642 F.3d 578, 581 (7th Cir. 2011). The Court may not weigh conflicting evidence or make credibility determinations, but the party opposing summary judgment must point to competent evidence that would be admissible at trial to demonstrate a genuine dispute of material fact. *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 705 (7th Cir. 2011); *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). A genuine dispute is one that could change the outcome of the suit, and is supported by evidence sufficient to allow a reasonable jury to return a favorable verdict for the non-moving party. *Spivey v. Adaptive Mktg. LLC*, 622 F.3d 816, 822 (7th Cir. 2010).

Defendants seek partial summary judgment on the following grounds: (1) the evidence that defendant Schickel used excessive force is insufficient to sustain a jury verdict against him on that claim; (2) the evidence that defendants Cintron, Moreci, or William Thomas failed to protect plaintiff from the use of excessive force is insufficient to sustain a jury verdict against them on that claim; (3) plaintiff's claim against Sheriff Dart in his individual capacity fails because there is no evidence that Sheriff Dart knew anything about plaintiff or the incidents in which plaintiff alleges that Jail officers used excessive force against him; and (4) plaintiff's *Monell* claim fails because he does not establish that Sheriff Dart or the Sheriff's Office had any official policy or widespread practice that caused a violation of plaintiff's rights.

**I. EXCESSIVE FORCE CLAIM AGAINST SCHICKEL**

A pretrial detainee's excessive force claim is governed by the due process clause of the

Fourteenth Amendment. The Seventh Circuit has recently explained the standard for excessive force claims under the Fourteenth Amendment as follows:

> [T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that "amount to punishment." [*Bell v. Wolfish*,] 441 U.S. 520, 535 (1979). A pretrial condition can amount to punishment in two ways: first, if it is "imposed for the purpose of punishment," or second, if the condition "is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* at 538-39. The Supreme Court recently explained that "***a pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose.***" *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473-74 (2015).

*Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (emphasis added) (internal citations altered) *petition for cert. filed on other grounds* (Aug. 14, 2017) (No. 17-245). Thus, even if a challenged action is "rationally related to a legitimate governmental objective, the deprivation it imposes must not be excessive in relation to that purpose." *Id.* at 858. Assessing whether a jail officer's actions are excessive in relation to his objective requires "considering not just the government's interest but also the dignity interests" of the plaintiff, because "dignity serves an important balancing function alongside the legitimate safety and management concerns of jails and prisons." *Id.*

Defendants argue that Schickel is entitled to summary judgment on the excessive force claim because there is no evidence that he did anything more than drag plaintiff approximately ten feet across a smooth floor because plaintiff was refusing to walk, which is a reasonable, even *de minimis*, use of force that cannot form the basis of a constitutional excessive force claim. According to defendants, dragging plaintiff such a short distance in an apparent effort to induce him to walk could not have caused any significant injury (and indeed, based on medical records,

4

plaintiff appears to have sustained only minor, *de minimis* injuries, if any), and Schickel's conduct does not "'offend the conscience.'" (Defs.' Mem. at 12, ECF No. 180 (quoting *Lunsford v. Bennett*, 17 F.3d 1574, 1582 (7th Cir. 1994).)

But under the Fourteenth Amendment, the proper inquiry is not the seriousness of plaintiff's injury or whether Schickel's conduct rises to the level of offensiveness, but whether objective evidence establishes that Schickel's conduct was not "rationally related to a legitimate governmental objective or that it [was] excessive in relation to that purpose." *Kingsley*, 135 S. Ct. at 2473-74. Plaintiff has argued that there were other options open to Schickel besides dragging plaintiff on the floor, such as, for example, carrying plaintiff to the infirmary in a restraint chair. A jury could reasonably find that dragging plaintiff on the floor, even briefly, was excessive in relation to the governmental objective because it caused plaintiff to suffer pain and indignity unnecessarily, given the other options available. There is a triable issue of fact on this claim, so defendants' motion for summary judgment in favor of defendant Schickel on the excessive force claim is denied.

## II. FAILURE TO PROTECT CLAIMS AGAINST CINTRON, THOMAS, AND MORECI

> [I]t is "well-settled" that . . . [correctional] officials [have] a duty to "take reasonable measures to guarantee the safety of the inmates" in their care. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994))[1] . . . . For a failure to protect claim, as [plaintiff] asserts here, he must show that "he was incarcerated under conditions posing a substantial risk of harm[.]" *Grieveson v. Anderson,* 538 F.3d 763, 775 (7th Cir. 2008). . . . [B]ecause the Constitution is only implicated when prison officials

---

[1] Notably, *Farmer v. Brennan* was decided under the cruel and unusual punishment clause of the Eighth Amendment, not the due process clause of the Fourteenth Amendment, which applies to pretrial detainees such as plaintiff. However, the Seventh Circuit has explained that this distinction makes no difference for purposes of a failure-to-protect claim because "'deliberate indifference' is the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments respectively." *Palmer v. Marion Cty.*, 327 F.3d 588, 593 (7th Cir. 2003).

> have a "sufficiently culpable state of mind[,]" an inmate must show that the prison officials acted with "'deliberate indifference' to inmate health or safety." *Farmer,* 511 U.S. at 834 (citation omitted).

*Byron v. Dart*, 825 F. Supp. 2d 958, 962 (N.D. Ill. 2011) (internal citations altered). Defendants Cintron, William Thomas, and Moreci argue that they are entitled to summary judgment on plaintiff's failure to protect claim because there is no evidence that any of them had any realistic opportunity to prevent the use of excessive force against plaintiff.

Plaintiff makes no response with respect to defendant Moreci, apparently conceding that Moreci is entitled to summary judgment on this claim, but he argues that with respect to William Thomas and Cintron, defendants mischaracterize both the record and plaintiff's claim. There is evidence that defendant Cintron habitually reviewed reports of incidents in which officers under his supervision used force against plaintiff, and based on his review of those reports, Cintron was aware of the habitual use of OC spray against plaintiff—but he took no action. (*See* Pl.'s Resp. Br. at 9; Defs.' LR 56.1 Resp. ¶ 23.) Similarly, there is evidence that William Thomas reviewed reports of incidents in which Jail officers used force, particularly OC spray, against plaintiff, and had the ability to intervene to stop the officers from habitually using OC spray against plaintiff, but did not. (*See* Pl.'s Resp. Br. at 9-10; Defs.' LR 56.1 Resp. ¶¶ 28-30.) Based on this evidence, plaintiff argues, a jury could reasonably find that these defendants "had subjective knowledge of the risk of harm, which they personally disregarded." *Grieveson*, 538 F.3d at 775.

Defendants seem to suggest that plaintiff can only prevail on his failure-to-protect claim against defendants who had a specific opportunity to intervene to protect plaintiff from an imminent use of excessive force on a specifically identified occasion. *See, e.g., id.* at 778 (plaintiff failed to demonstrate genuine issue of material fact except as to officer who witnessed a

6

particular beating and failed to intervene). But an inmate can prevail on a claim of failure to protect even if officers knowingly exposed him only to a generalized threat of harm. *See Brown v. Budz*, 398 F.3d 904, 915 (7th Cir. 2005) ("[D]eliberate indifference can be predicated upon knowledge of a victim's particular vulnerability (though the identity of the ultimate assailant [is] not known in advance of attack), or, in the alternative, an assailant's predatory nature (though the identity of the ultimate victim not known in advance of attack)."). Viewing the evidence in the light most favorable to plaintiff and making all reasonable inferences in his favor, there is evidence that defendants Cintron and William Thomas were aware that Jail officers were habitually using OC spray or other force on plaintiff in situations in which that level of force was unwarranted, but they did not take steps to protect plaintiff from that threat. Based on this evidence, there is a genuine issue of material fact on the failure to protect claim against defendants Cintron and William Thomas.

## III. INDIVIDUAL CAPACITY CLAIM AGAINST SHERIFF DART AND QUALIFIED IMMUNITY

Defendants contend that Sheriff Dart is entitled to summary judgment (or in the alternative, qualified immunity) on the claim against him in his individual capacity. According to defendants, there is no evidence that Sheriff Dart was ever aware of plaintiff's complaints of excessive force against Jail officers.

Plaintiff responds that defendants' position ignores the evidence that (1) plaintiff's name was at least mentioned in some of the agendas and other documents pertinent to certain of the "Sheriff's Accountability Meetings," which Sheriff Dart attended; (2) Sheriff Dart was aware of who plaintiff was; and (3) according to plaintiff, Sheriff Dart personally conversed with plaintiff

about his conditions of confinement on a few occasions. (*See* Pl.'s LR 56.1 Stmt., ¶¶ 31-36.) Based on this evidence, plaintiff argues, a jury could reasonably infer that Sheriff Dart knew of defendants' unconstitutional treatment of plaintiff and "'facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye for fear of what [he] might see,'" *Potts v. Manos*, No. 11 C 3952, 2013 WL 5968930, at *3 (N.D. Ill. Nov. 7, 2013) (quoting *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010)), and he is therefore personally liable for the harm that befell plaintiff.

The Court agrees with plaintiff. True, the evidence of Sheriff Dart's knowledge of the incidents of alleged excessive force against plaintiff is scant, but to rule that no reasonable factfinder could believe that he knew that officers were using excessive force against plaintiff, as defendants urge, would be to weigh evidence, which the Court may not do at this stage of this case. There is sufficient evidence to create a genuine issue of material fact for the jury to resolve on the claim of individual liability against Sheriff Dart for failure to protect plaintiff from use of excessive force by Jail officers.

Defendants also argue that Sheriff Dart is entitled to qualified immunity. A defendant is entitled to qualified immunity if his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *McAllister v. Price,* 615 F.3d 877, 881 (7th Cir. 2010). Although it is clearly established in the law, and a reasonable person would surely have known, that law enforcement officers may use only force that is reasonably necessary and not excessive under the circumstances, it is not clearly established in Seventh Circuit case law when the use of pepper spray is excessive. *Brooks v. City of Aurora, Ill.*, 653 F.3d 478, 487 (7th Cir. 2011) ("[C]ontrolling law would not have communicated to a reasonable officer the illegality of applying pepper spray to an arrestee who has ceased active,

physical resistance for a couple of seconds but has not submitted to the officer's authority."). The evidence plaintiff has cited as support for his position that Sheriff Dart was aware of the use of excessive force against plaintiff tends to be in the form of reports that state that Jail officers used OC spray against plaintiff because he was contumaciously refusing to comply with the orders of Jail officers. It may be at least arguable that it is not clearly established in the law that use of pepper spray in such circumstances is improper. Ultimately, the Court need not delve into the matter because plaintiff does not respond at all to defendants' qualified immunity argument in his response brief, and therefore forfeits this claim. *See Merry Gentleman, LLC v. George & Leona Prods., Inc.*, 76 F. Supp. 3d 756, 761 (N.D. Ill. 2014). Summary judgment is entered for Sheriff Dart in his individual capacity based on qualified immunity.

## IV. *MONELL* LIABILITY AND WIDESPREAD PATTERN OR PRACTICE

Defendants contend that they are entitled to summary judgment on plaintiff's claim that Cook County is liable under *Monell*, 436 U.S. at 690-91, for the constitutional violations plaintiff has alleged because plaintiff has not demonstrated that any municipal policy, custom, or action of a person with final policymaking authority on behalf of Cook County has caused any violations of his constitutional rights. *See Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) ("The critical question under *Monell* . . . is whether a municipal . . . policy or custom gave rise to the harm (that is, caused it), or if instead the harm resulted from the acts of the entity's agents.").

Plaintiff responds that there is evidence of municipal liability creating a genuine issue of fact on all of his claims because Jail officers' repeated actions toward him demonstrate a custom or widespread practice. *See Thomas v. Sheahan*, 499 F. Supp. 2d 1062, 1095 (N.D. Ill. 2007) ("To establish a widespread custom or policy, Plaintiff is not required to show that Cook County's

alleged unconstitutional widespread practices actually caused pain and suffering to other inmates . . . . Instead, it is enough that Plaintiff provides competent evidence tending to show that the alleged practices were, indeed, widespread . . . . [and] truly evince the existence of a policy.") (citing *Davis v. Carter,* 452 F.3d 686, 695 (7th Cir. 2006) and *Phelan v. Cook County,* 463 F.3d 773, 789-90 (7th Cir. 2006)). The Court agrees that, viewing the facts in the light most favorable to plaintiff and drawing all reasonable inferences in his favor, there is evidence of a series of alleged constitutional transgressions that is sufficiently lengthy to constitute a widespread practice or custom. Additionally, plaintiff argues that there is evidence that Sheriff Dart was aware of the string of incidents of excessive force against plaintiff, but they continued unabated, which, according to plaintiff, shows that there is a genuine issue of fact as to whether Sheriff Dart—who is an authorized final policymaker for Cook County, within the scope of his office, *see Maldonado v. Garcia*, No. 13 C 8981, 2015 WL 4483975, at *4 (N.D. Ill. July 22, 2015) ("In Illinois, sheriffs have final policymaking authority over jail operations.") (internal quotation marks omitted)—tacitly approved of them. Again, the Court agrees. There is a genuine dispute of material fact on plaintiff's *Monell* claim, and defendants' motion for summary judgment on that claim must be denied.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment [178] is granted in part and denied in part. Summary judgment is granted for defendant Moreci on the excessive force claim and for Sheriff Dart on the claim against him in his individual capacity; the motion is otherwise denied.

**SO ORDERED.** **ENTERED**: September 29, 2017



**HON. JORGE L. ALONSO**
**United States District Judge**